## Rudolph Van Hessen, Plaintiff in Error, v. Joseph Defrier, Defendant in Error.

### Gen. No. 17,184.

1. LANDLORD AND TENANT—*when verdict for tenant in action for rent not supported.* In an action for rent, a verdict for defendant is not supported by the evidence where plaintiff makes a *prima facie* case entitling him to judgment for at least two months' rent, the evidence under the defense that the premises were used as a house of ill fame with plaintiff's knowledge and consent does not show a use not wholly consistent with the proper use of such premises as a hotel, for which the lease expressly provided, and there is no proof tending to show knowledge by the landlord of improper use or of circumstances tending to show such use.

2. LANDLORD AND TENANT—*evidence of improper use of premises by tenant to avoid payment of rent.* A tenant should not be allowed to avoid payment of rent on the ground that the premises were used by him for some unlawful purpose unless the evidence as to such use at least shows a state of facts inconsistent with the lawful use thereof.

Error to the Municipal Court of Chicago; the Hon. MICHAEL F. GIRTEN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Reversed and remanded. Opinion filed March 26, 1913.

O'DONNELL, DILLON & TOOLEN and L. W. CARPENTER, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE GRAVES delivered the opinion of the court.

Plaintiff in error began in the Municipal Court a suit to recover rent due him for premises occupied by defendant in error, under a lease providing for the use of such premises for "saloon, residence and hotel purposes." The amended affidavit of merits filed on behalf of the defendant on September 21, 1910, and signed and sworn to by his attorney, states his defense

to be "that during the months of July and August, 1911, and before continuously since defendant leased said premises in question 9170 Harbor avenue were used as a house of ill fame and prostitution of the knowledge of plaintiff and with his knowledge and consent." The case was tried by a jury and resulted in a verdict and judgment for the defendant. The defendant in error has filed no argument. From the record in this case it appears that on the trial plaintiff in error, by his evidence in chief, made a *prima facie* case entitling him to a judgment for at least two, if not three, months' rent at $100 per month. It further appears that the defendant did not prove his defense, as set out in the affidavit of merits above quoted, even assuming that it means that the premises had been used by the defendant as a house of ill fame and prostitution, with the knowledge and consent of the landlord.

If the affidavit of merits was true, it is safe to assume the defendant knew the fact. Whether his failure to come forward and support his defense by his testimony was because he was disinclined to lie about it, or ashamed to tell the truth, either of which conditions would be to his credit, the result is the same. The verdict is not supported by the evidence.

The defendant did take the stand in his own behalf and testified that since May 1, 1910, the premises had not been used as a house of ill fame; that before that date he had seen women and men in his saloon, had seen them go upstairs and enter rooms together and when they came out they had given the landlady a dollar; that he had never mentioned such things to the landlord and that the landlord was not present when the men and women had gone to or come from the rooms. There is no proof of whether these men and women occupied the rooms they entered an hour or a day, whether the rooms were bed rooms, living rooms or dining rooms, or whether the persons were husband and wife, or that they were persons of loose

morals or of bad repute, or of any other fact or circumstance not wholly consistent with the proper use of the premises as a hotel, which was one of the express purposes for which the building was leased. While it is said to be true that these circumstances are also consistent with the use of the premises as a house of ill fame, there is no proof whatever even tending to show that the landlord knew anything about such circumstances, or of the improper use of such rooms or premises. Before a tenant should be allowed to avoid payment of rent, because of the use of the premises by himself for some unlawful purpose, the evidence as to the use the same have been put to should at least show a state of facts inconsistent with its lawful use.

The judgment is, therefore, reversed and the cause is remanded to the Municipal Court.

*Reversed and remanded.*